# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRANDIE BARRETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  04 C 50149 |
| v. | ) | |
| | ) | |
| BRIAN BEMIS AUTO WORLD, and | ) | HONORABLE DAVID H. COAR |
| AMCORE BANK, N.A., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendant Brian Bemis Auto World's Motion for Partial Summary Judgment as to Count V of Plaintiff's Complaint (Federal Odometer Act). The background facts have been set forth in detail in this Court's November 29, 2005 Memorandum Opinion and Order and need not be repeated here.

Under the Federal Odometer Act, 49 U.S.C. § 32705, a car dealer is required to provide an accurate disclosure either "of the cumulative mileage registered by the odometer," or "that the mileage is unknown if the transferor knows that the mileage registered by the odometer is incorrect." 49 U.S.C. § 32705(a)(1). Pursuant to the Odometer Act, the Department of Transportation has required that a dealer must include on the vehicle's title a statement of the vehicle's current mileage. 49 C.F.R. § 580.5(c) ("the transferor shall disclose the mileage on the title, and not on a reassignment document"). In cases where the title certificate is unavailable, the regulations permit such disclosure to be made on a supplemental form. 49 C.F.R. § 580.5(g). The

-1-

Act permits an individual to bring a civil action against a dealer who has violated the Act with an "intent to defraud." 49 U.S.C. § 32710. In the Seventh Circuit, a plaintiff must show two things: 1) that the dealer violated the disclosure requirements of the Act; and 2) that the dealer did so with an intent to defraud as to the vehicle's mileage. *See Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 714 (7th Cir. 2005).

Brian Bemis Auto World ("BBAW") seeks summary judgment on plaintiff Brandie Barrett's Federal Odometer Act claim. According to BBAW, Barrett received an accurate Odometer Disclosure Statement when she purchased the Jeep Cherokee and no reasonable factfinder could conclude that BBAW had any intent to defraud Barrett as to the Jeep's mileage. At minimum, BBAW seeks summary judgment on Barrett's allegations that it violated the Federal Odometer Act when it failed to disclose that the Jeep had a "not actual mileage" title, and when it forged Barrett's signature on the Certificate of Title because they do not relate to an intent to defraud Barrett as to the Jeep's mileage.

Barrett asserts that BBAW violated the Odometer Act with intent to defraud by failing to disclose the Jeep's mileage in writing on the certificate of title itself, by failing to disclose that the title bore the legend "not actual mileage," and by forging her signature on the title without her permission. BBAW contends that its disclosure satisfied the requirements of the Federal Odometer Act because it gave Barrett an Odometer Disclosure Form, which is permitted when the certificate of title is not available. In this case, BBAW asserts that the title certificate was either en route from the previous owner's lienholder or from the dealership's central office; BBAW contends that the title was not included in the "deal bag" of documents related to the Jeep at the time of sale. The parties agree that the mileage disclosed on the Odometer Disclosure

Form was inaccurate, although they dispute the degree of inaccuracy. BBAW argues that the actual mileage differed by approximately 15 miles, due to test drives by BBAW employees, and that the discrepancy was a simple oversight (no one went to look at the odometer). Barrett takes a darker view, and contends that the discrepancy was several hundred miles and was intended to rob her of much of the protection of the 1000 mile/30 day warranty on the Jeep. It is undisputed that BBAW violated the disclosure requirement because it failed to provide an accurate disclosure of the cumulative mileage registered by the odometer.

Defendant cites to several cases from other districts in which courts granted summary judgment to dealerships on Odometer Act claims. *See, e.g., Locascio v. Imports Unlimited, Inc.*, 309 F. Supp. 2d 267 (D. Conn. 2004) (plaintiff failed to show dealer intended to commit fraud regarding mileage when it withheld title certificate to prevent purchaser from learning that car was "rebuilt"); *Mayberry v. Ememessay, Inc.*, 201 F. Supp. 2d 687 (W.D.Va. 2002) (no claim under Federal Odometer Act without an intent to defraud as to the vehicle's mileage in case alleging spot delivery or fraudulent inducement). These cases are not persuasive authority and, in any event, are distinguishable on their facts. In *Locascio*, the district court found that a dealer that withheld that title certificate to plaintiff's car so as to prevent plaintiff from learning that the car had been deemed "rebuilt" had not committed fraud regarding the vehicle's mileage. 309 F. Supp. 2d at 270. Thus, the dealer had not violated the Odometer Act. *Id.* In *Mayberry*, the plaintiff alleged that the dealer withheld the title document from her in order to fraudulently induce her to enter into a "spot delivery" or "yo-yo" sale.[1] But Plaintiff acknowledged that she

---

[1] In such a situation, a purchaser on credit is told that she will be financed and is encouraged to leave the dealership in "her" new car. Subsequently, the dealer informs the purchaser that it could not obtain financing for her and that she must immediately return the car.

received an accurate statement of the vehicle's mileage on the dealership's Odometer Disclosure Statement and that she had no evidence that the odometer was inaccurate or had been altered. 201 F. Supp. 2d at 694. The district court found that the Federal Odometer Act was not designed to provide a cause of action for spot delivery sales. "The only purposes of the Odometer Act that Congress chose to articulate in the statute's "findings and purposes" section are '(1) to prohibit tampering with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers.' 49 U.S.C. § 32701." *Id.* at 695.

In the case before this Court, however, Barrett alleges that BBAW made an inaccurate disclosure of the Jeep's mileage on its Odometer Disclosure Form. She further alleges that it failed to disclose that the title bore a "not actual mileage" legend, and that, in order to defraud her as to the vehicle's mileage, a BBAW employee then forged her name to the certificate of title after Barrett left the dealership with the vehicle. BBAW's explanation is that its employee mistakenly believed there was an executed Power of Attorney form in the "deal bag," and therefore thought Barrett had given BBAW the authority to sign her name to the title. BBAW contends that it was merely negligent in its actions, which is insufficient to support liability under the Odometer Act. *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 808 (7th Cir. 1988) ("mere negligence cannot be the basis for civil liability under the Odometer Act"). In addition, BBAW contends that it is permitted to rely on the sworn odometer statement provided by the vehicle's previous owner at trade-in. *See Diersen v. Chicago Car Exchange*, 110 F.3d 481, 488 (7th Cir. 1997). The facts presented to this Court, however, are that BBAW provided an inaccurate mileage disclosure on its Odometer Disclosure Form; that the parties dispute the degree of the inaccuracy of the mileage disclosure; that the parties dispute whether the title was

in BBAW's possession at the time of sale; that the title bore the legend "not actual mileage"; that BBAW did not inform Barrett of this fact; and that BBAW signed Barrett's name to the title despite not having the authority to do so. This Court finds that a reasonable factfinder could determine that BBAW violated the Federal Odometer Act by making an inaccurate disclosure with intent to defraud Barrett as to the Jeep's mileage.

## Conclusion

For the reasons set forth above, BBAW's motion for partial summary judgment as to Barrett's Federal Odometer Act claim (Count V) is DENIED.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **January 17, 2006**